| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENWOOD ) | |
| FILED COMMON PLEAS 8TH JUDICIAL CIRCUIT GREENWOOD, S.C. ) | |
| AMY R. STABLER ) | CIVIL ACTION COVERSHEET |
| 2012 AUG 16 PM 1:26 Plaintiff(s) ) | 2012-CP - __ - __ |
| vs. ) | **12CP24 00942** |
| WESLEY COMMONS ) Defendant(s) ) | |

Submitted By: BRIAN E ARNOLD
Address: 1314 E. WASHINGTON STREET, GREENVILLE, SC 29607

| | |
|---|---|
| SC Bar #: | 16839 |
| Telephone #: | 864-242-2427 |
| Fax #: | 846-335-4195 |
| Other: | |
| E-mail: | brian@barnoldlawfirm.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

**Submitting Party Signature:** /s/ Brian Arnold       **Date:** 8-8-12

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

### You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | COURT OF COMMON PLEAS |
| COUNTY OF GREENWOOD ) | |
| ) | |
| Amy R. Stabler, ) | |
| ) | Case No. 2012-CP-__-____ |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| v. ) | |
| ) | **(JURY Trial Demanded)** |
| Wesley Commons ) | |
| ) | 12CP2400942 |
| Defendants. ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 1314 E. Washington Street, Greenville, South Carolina, 29607 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully submitted,

**ARNOLD LAW FIRM, LLC**

By: _____
BRIAN E. ARNOLD
S.C. Bar No. 16839
1314 E. Washington Street
Greenville, South Carolina 29607
(864) 242-2427

STATE OF SOUTH CAROLINA ) COURT OF COMMON PLEAS
COUNTY OF GREENWOOD )
)
) **12CP24 00942**
)
Amy R. Stabler, )
) Case No.2012-CP-__-____
Plaintiff, )
) **COMPLAIT**
v. )
) **(JURY Trial Demanded)**
Wesley Commons )
)
Defendants. )
_____)

COMES NOW, Plaintiff, by and through her counsel, Brian E. Arnold, and alleges as follows:

1. This action is brought pursuant to the common law of South Carolina and the Employment Retirement Income Security Act of 1974.

2. Plaintiff is and was at all times mentioned an individual resident and citizen of the County of Greenwood, State of South Carolina.

3. Defendant is a domestic corporation that had been doing business in Greenwood, South Carolina. Plaintiff was employed as the culinary general manager and worked for Defendant from November 17, 2003 until March 16, 2012.

4. Defendant maintained an Employee Benefits Plan providing for group health insurance. Plaintiff, on December 23, 2011, was informed that she would need a tonsillectomy and surgery was scheduled for January 31, 2012. However, the Plan Administrator denied Plaintiff's claim. As is Plaintiff's right under the Plan, she appealed the issue and raised concerns about the fairness of the process and denial. Shortly thereafter, Defendant terminated Plaintiff for false and pretextual reasons.

5.  Separate and apart from the Plan, Defendant maintained a "whistleblower" policy, both written and verbal. The policy defines a whistleblower as an employee that reports an activity to one or more parties which she considers to be illegal or dishonest. The policy promises no retaliation to the whistleblower. During the course of the last few weeks of her employment, Plaintiff raised issues with Defendant about the inappropriate treatment she received from Pierce Sullivan, the Human Resource Director, including being dishonest about Plaintiff's doctor and his medical treatment. Further, Plaintiff raised her concerns that Defendant was being dishonest about its involvement in her claim being denied, specifically that Defendant was making decisions relating to her health based upon financial considerations and not based upon medical reasons.

6.  Unfortunately, Defendant violated this policy when it chose to terminate Plaintiff for false and pretexual reasons.

## FOR A FIRST CAUSE OF ACTION
### Violation of ERISA

7.  Plaintiff incorporates by reference paragraphs 1 though 6 to the extent not inconsistent with the allegations contained in this First Cause of Action.

8.  Defendant's health plan is a covered plan under ERISA and thus, Plaintiff has all the rights bestowed upon an employee under ERISA.

9.  When Plaintiff's claim was denied, she appealed the decision and raised her concerns about the decision.

10. In response to Plaintiff's appeal and concerns, Defendant terminated Plaintiff for false and pretextual reasons to cover up for the fact that it was in

interference of her rights under ERISA and in retaliation for her exercising her rights under ERISA. By its actions, Defendant had specific intent to retaliate.

11. Plaintiff was harmed by Defendant reckless and willful actions.

## SECOND CAUSE OF ACTION
### Breach of contract

12. Plaintiff incorporates by reference paragraphs 1 though 1 to the extent not inconsistent with the allegations contained in this Second Cause of Action.

13. Defendant maintained a mandatory non-retaliation policy for reporting concerns over suspected dishonesty in the workplace. Defendant verbally instructed the contents of these policies as well as the mandatory nature of these policies.

14. These policies created an implied contract and altered the at-will nature of the employment relationship.

15. Defendant breached this contract by terminating Plaintiff in the manner in which it did.

16. Further, Defendant's termination of Plaintiff was a breach of the implied covenant of good faith and fair dealing. As a result of Defendant's breaches, Plaintiff has suffered a loss of wages, benefits and other income.

## FOR A THIRD CAUSE OF ACTION
### Breach of Contract Accompanied by a Fraudulent Act

17. Plaintiff incorporates by reference paragraphs 1 though 16 to the extent not inconsistent with the allegations contained in this Third Cause of Action.

18 Defendant breached the parties' agreement in the manner set forth above.

19. Defendant breached the agreement with fraudulent intent relating to the breach.

20. Defendant committed one or more fraudulent acts accompanying its breaches of contract as evidenced by its dishonesty in fact, unfair dealing, and its failure to provide honest information regarding the policy and reasons for the termination of employment. Specifically, Defendant attempted to cover-up its breach by giving false and pretextual reasons for Plaintiff's termination. Plaintiff suffered losses as a result of this breach including loss of back and future wages and benefits.

WHEREFORE Plaintiff prays this Court to enter judgment as follows:

(a) For the First Cause of Action, to award Plaintiff all available equitable relief to make her whole, including lost back and front pay and benefits, attorney fees and costs;

(b) For the Second and Third Causes of Action, to award Plaintiff all available actual and compensatory damages, including lost back and front pay and benefits, punitive damages, emotional distress; and

(c) Such other and further relief as this Court deems just and equitable.

Dated this the 5th day of August, 2012.

Respectfully submitted,

ARNOLD LAW FIRM, LLC

By: _____
Brian E. Arnold
SC Bar No.:16839